MEMORANDUM *
Richard Nuwintore appeals the district court’s dismissal of his petition for writ of error coram nobis that he filed to vacate his guilty plea. We review the district court’s denial of the writ de novo, United States v. Riedl, 496 F.3d 1003, 1005 (9th Cir. 2007), and now reverse and remand for an evidentiary hearing.
Nuwintore claims that his trial counsel was constitutionally ineffective by allegedly failing to advise him of the immigration consequences of pleading guilty to access device fraud with losses over $10,000. To succeed on this claim, Nuwin-tore must show that (1) his counsel’s performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel’s alleged errors, Nuwintore would have negotiated a better pjea deal or gone to trial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); United States v. Rodriguez-Vega, 797 F.3d 781, 786, 788 (9th Cir. 2015).
1. Taking Nuwintore’s allegations and evidence as true, as we must at this stage of the proceedings, Nuwintore has sufficiently shown that his counsel was ineffective by (1) failing to apprise Nuwintore that he would not be subject to automatic removal if he pleaded guilty to a loss of less than $10,000, and (2) neglecting to mention that even though Nuwintore might avoid actual removal, he would be charged with removability and suffer a loss' of his asylum status. The immigration consequences of admitting a loss over $10,000 were “succinct, clear, and explicit,” Padilla v. Kentucky, 559 U.S. 356, 368, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), as well as “virtually certain,” Rodriguez-Vega, 797 F.3d at 786-87. See 8 U.S.C. *180 § 1158(b)(2)(A)(ii), B(i) (providing that asylum status must be revoked if the Attorney General determines that the alien was “convicted ... of a particularly serious crime” which includes a “conviction] of an aggravated felony”); id. § 1101(a)(43)(M)(i) (providing that a fraud offense causing losses over $10,000 constitutes an aggravated felony). Accordingly, counsel was obligated to both explain to Nuwintore the significance of the $10,000 threshold as well as that he would lose his asylum status if he pleaded guilty to causing losses over $10,000.
2. Nuwintore’s allegations and evidence also show a reasonable probability that Nuwintore could have negotiated a plea deal with admitted losses of less than $10,000 or would have gone to trial. Had the government offered such a plea agreement, the immigration consequences would have been different. See Nijhawan v. Holder, 557 U.S. 29, 42, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009). Even assuming that the government would have refused to enter into an agreement with stipulated losses of less than $10,000, we must credit Nuwin-tore’s assertion that he would have gone to trial to avoid automatic removal proceedings. Accordingly, we must reverse and remand for an evidentiary hearing.[1]
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. We note that Nuwintore might well regret obtaining coram nobis relief. If the government chooses to try him, he may suffer the same or worse immigration consequences as well as serve a longer sentence. The choice, of course, is Nuwintore’s, and we anticipate that counsel will properly advise him of the risks.